IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JASON GLENN on Behalf of Himself and All Others Similarly Situated, | ) | Class & Collective Action |
| Plaintiffs, | ) | |
| vs. | ) | CAUSE NO. 2:26-cv-197 |
| KIND TRANSPORT, INC. and SLAVE MITEV, | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff, Jason Glenn, for his Complaint against Defendants, Kind Transport, Inc. and Slave Mitev, and states the following:

### I. Parties

1. Plaintiff is a resident of Cicero, Indiana.
2. Kind Transport, Inc. ("Kind") is an incorporated entity located in Munster, Indiana.
3. Kind's principal office is located in Munster, Indiana.
4. Slave Mitev is a shareholder of Kind.
5. Mr. Mitev is the President of Kind.
6. Mr. Mitev manages Kind.
7. Mr. Mitev determines the compensation of Kind's truck drivers.
8. Mr. Mitev determines if and when wages are paid to Kind's truck drivers.

## II. Jurisdiction and Venue

9. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under the FLSA.

10. This court has jurisdiction to hear these state claims pursuant to the court's supplemental jurisdiction under 28 U.S.C. §1367.

11. Venue in the Northern District of Indiana, Hammond Division, is appropriate by virtue Defendants doing business in this District.

## III. Class and Collective Action Allegations

12. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were employed as truck drivers by Mr. Trkulja and Mrs. Trkulja ("the Collective Action").

13. The members of the Collective Action were not paid at least minimum wages for all hours performing work for Defendants.

14. Plaintiff brings this case as a class action pursuant to Rule 23(B)(3) on behalf of a class consisting of all similarly situated persons who are or were employed as truck drivers by Defendants ("the Class").

15. The members of the Class Collective Action were not paid their wages in a timely fashion.

16. The members of the Class Action were not paid all of their wages in the correct amount.

17. The members of the Class Action had monies illegally deducted from their wages.

18. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class or collective action. The names, e-mail addresses, home addresses, and relevant documentation of members of the Class and Collective Action should be in the business records of Defendants. Notice may be provided to members of the Class and Collective Action or their personal representatives via first class mail, e-mail, and/or text using techniques and a form of notice similar to those customarily used in class and collective actions.

## IV. Factual Allegations

19. Plaintiff was an employee of Kind.

20. Plaintiff was an employee of Mr. Mitev.

21. Plaintiff began working for Defendants in April 2024.

22. Defendants agreed to pay Plaintiff on a per mile basis.

23. Defendants agreed to pay Plaintiff at $0.50 per mile.

24. Defendants failed to pay Plaintiff at least minimum wages for all hours that he worked for them.

25. Defendants willfully failed to pay Plaintiff his agreed upon compensation for all miles driven.

26. Defendants deducted monies from Plaintiff's compensation without a written assignment.

27. Defendants deducted monies from Plaintiff's compensation which is not permitted by the Indiana's Wage Deduction Statute.

28. Defendants did not have a good faith basis for failing to pay Plaintiff at least minimum wages for all hours worked.

29. Defendants did not have a good faith basis for failing to pay Plaintiff his earned wages in the correct amount.

30. Defendants did not have a good faith basis for illegally deducting monies from the compensation of Plaintiff.

31. Plaintiff quit his employment with Defendants in June 2024.

32. To date, Plaintiff has not been paid any wages for the work he performed for Defendants.

33. The wage claim of Plaintiff has been referred to counsel for Plaintiff by the Indiana Attorney General's Office in conjunction with the Indiana Department of Labor on October 10, 2024.

## V. Cause of Action

### Count I – Collective Action
### Failure to Properly Pay Minimum Wages
### Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.*

34. Plaintiff incorporates paragraphs 1 through 33 by reference herein.

35. Plaintiff was an employee of Kind pursuant to the FLSA.

36. As an over the road truck driver, Plaintiff's job was in interstate commerce.

37. Kind had gross revenues of at least $500,000.00 for the 2022 calendar year.

38. Kind had gross revenues of at least $500,000.00 for the 2023 calendar year.

39. Kind had gross revenues of at least $500,000.00 for the 2024 calendar year.

40. Kind had gross revenues of at least $500,000.00 for the 2025 calendar year.

41. Plaintiff was an employee of Mr. Mitev pursuant to the FLSA.

42. Mr. Mitev is an employer pursuant to the FLSA.

43. Defendants' violations of the FLSA have damaged Plaintiff and the members of the Collective Action.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and the members of the Collective Action and against Defendants in an amount to compensate Plaintiff and the members of the Collective Action, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count II – Class Action**
**Wage Payment Statute, I.C. §22-2-9 *et. seq.***

44. Plaintiff incorporates paragraphs 1 through 43 by reference herein.

45. Kind is an employer pursuant to the Wage Payment Statute.

46. Mr. Mitev is an employer pursuant to the Wage Payment Statute.

47. Defendants failed to pay Plaintiff and the members of the Class their wages due and owing in the correct amount.

48. Defendants illegally deducted monies from the pay of Plaintiff and the members of the Class.

49. Plaintiff and the members of the Class have been damaged by the violations of the Wage Payment Statute by Defendants.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and the members of the Class against Defendants for wages owed, liquidated damages, prejudgment

interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count III – Individual Action**
**Failure to Properly Pay Minimum Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

50. Plaintiff incorporates paragraphs 1 through 49 by reference herein.

51. Defendants failed to pay Plaintiff his minimum wages due and owing in the correct amount.

52. Defendants' violations of the FLSA have damaged Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff and against Defendants in an amount to compensate Plaintiff, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count IV – Individual Action**
**Wage Payment Statute, I.C. §22-2-9 *et. seq.***

53. Plaintiff incorporates paragraphs 1 through 52 by reference herein.

54. Defendants failed to pay Plaintiff his wages due and owing in the correct amount.

55. Defendants illegally deducted monies from the pay of Plaintiff.

56. Plaintiff has been damaged by the violations of the Wage Payment Statute by Defendants.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff against Defendants for wages owed, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

**Count V – Individual Action**
**Wage Claims Statute, I.C. §22-2-5 *et. seq.***

57. Plaintiff incorporates paragraphs 1 through 56 by reference herein.

58. Defendants failed to pay Plaintiff his wages due and owing in the correct amount.

59. Defendants illegally deducted monies from the pay of Plaintiff.

60. Plaintiff has been damaged by the violations of the Wage Claims Statute by Defendants.

WHEREFORE, Plaintiff prays that the Court enter a Judgment in favor of Plaintiff against Defendants for wages owed, liquidated damages, prejudgment interest, attorney fees, costs of this action, and for all other relief which is just and proper in the premises.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV. Jury Demand

61. Plaintiff incorporates paragraphs 1 through 60 by reference herein.

62. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Proposed Class & Collective Action Counsel

Weldy Law
11268 Governors Lane
Fishers, IN 46037
Tel: (317) 289-0483
Fax (317) 288-4013
E-mail: rweldy@weldylegal.com